JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   1301 Clay Street Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3697
   FAX: (510) 637-3724

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HONG YING YE, ) | |
|                       ) | No. C 09-2073-MEJ |
|         Plaintiff, ) | |
|                       ) | |
|    v.                 ) | **JOINT CASE MANAGEMENT STATEMENT AND ~~[PROPOSED]~~ ORDER** |
| ERIC HOLDER, Attorney General ) | |
| of the United States, ) | |
|                       ) | |
|        Defendant. ) | |
| _____) | |

    The parties to the above-entitled action hereby submit this Joint Case Management Statement and Proposed Order:

    1. <u>Jurisdiction and Service</u>

    The plaintiff seeks review of the denial of his application for naturalization by the United States Citizenship and Immigration Services (USCIS).  This Court has jurisdiction under 8 U.S.C. § 1421(c), which provides that a person whose application for naturalization has been denied may seek review of such denial in the United States District Court for the district in which such person resides.  There are no service issues.

    2. <u>Relevant Facts</u>

    On March 28, 2002, the plaintiff was granted conditional legal permanent resident status as the wife of a United States citizen.  On February 27, 2004, the plaintiff and her husband jointly filed

JOINT CASE MANAGEMENT STATEMENT
C 09-2073 MEJ                                  1

an I-751 Petition to Remove Conditions on Residence.  The plaintiff's husband passed away on July 9, 2004.  On October 6, 2006, and on October 10, 2006, USCIS mailed an appointment letter to the plaintiff and her attorney requesting that she and her husband apear for an interview on the I-751 petition.  The plaintiff and her husband did not appear for the interview.

On January 15, 2008, the plaintiff filed an application for naturalization with USCIS.  The plaintiff appeared for an interview on her naturalization application on May 29, 2008.  On June 6, 2008, the USCIS denied the I-751 petition for failure to appear at the I-751 interview, and terminated the plaintiff's conditional resident status.  On August 25, 2008, USCIS denied the plaintiff's application for naturalization on the ground that, since she was no longer a lawful permanent resident, she was not eligible for naturalization.  After a hearing, USCIS re-affirmed its decision to deny the plaintiff's application for naturalization.  In its re-affirmance, dated January 15, 2009, USCIS denied the naturalization application on the grounds that: (1) the plaintiff could not establish that she resided continuously as a lawful permanent resident in the United States for at least five years prior to filing her application for naturalization; (2) the plaintiff had failed to notify USCIS that she was living at a different address than the one she had provided USCIS; (3) even if the plaintiff had appeared at the interview on the I-751 petition, the petition would have been denied since her husbnad had passed away; and (4) the plaintiff had failed to demonstrate good moral character because she failed to disclose in her application and in her interview that she had provided false testimony about her residence and her work history.

3.  <u>A Brief Description of Administrative Proceeding</u>

The USCIS denied the plaintiff's naturalization application on August 25, 2008, and re-affirmed that denial on January 15, 2009.

4.  <u>Legal Issues</u>

Whether USCIS properly denied the plaintiff's naturalization application on the ground that she did not meet the five-year continuous legal permanent residency requirement and the good moral character requirement.

5.  <u>Motions</u>

The parties intend to file a Certified Administrative Record and then file cross-motions for

summary judgment to resolve this case.

6. <u>Amendment to the Pleadings</u>

The plaintiff does not intend to amend his pleading.

7. <u>Evidence Preservation</u>

The parties are preserving all records and documents pertinent to this case.

8. <u>Disclosures</u>

The defendant will provide the plaintiff with a copy of the certified administrative record in this case.

9. <u>Discovery</u>

The parties have met and conferred and agree that they will not pursue any discovery.

10. <u>Class Actions</u>

Not applicable.

11. <u>Related Cases</u>

None known.

12. <u>Relief Sought</u>

The plaintiff seeks naturalization.

13. <u>Settlement and ADR</u>

The parties have been exempted from the Court's ADR program.

14. <u>Consent to Magistrate Judge For All Purposes</u>

The parties consented to the assignment of this case to a magistrate judge.

15. <u>Other References</u>

None at this time.

16. <u>Narrowing of Issues</u>

The parties would ask that the Court confine its review to the certified administrative record, which will be filed within one month.

17. <u>Expedited Schedule</u>

None suggested.

1    18.    Scheduling

The parties believe this case can be resolved on cross-motions for summary judgment and propose the following schedule:

| | |
|---|---|
| Defendants to file certified administrative record no later than: | September 25, 2009 |
| Plaintiff's Motion for Summary Judgment: | October 16, 2009 |
| Defendant's Opposition/Cross-Motion for Summary Judgment: | October 30, 2009 |
| Plaintiff's Reply/Opposition: | November 13, 2009 |
| Defendant's Reply: | November 20, 2009 |
| Hearing: | December 10, 2009, at 10:00 a.m. |

19.    Trial

The parties do not anticipate the need for a trial.

20.    Disclosure of Non-Party Interested Entities or Persons

Defendant believes it is exempt from this requirement because it is a federal governmental entity.  Plaintiff is not aware of any.

21.    Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution

None.

//
//
//
//
//
//
//
//
//
//
//
//

| | |
|---|---|
| Dated: September 3, 2009 | Respectfully submitted,<br><br>JOSEPH P. RUSSONIELLO<br>United States Attorney<br><br>/s/<br>EDWARD A. OLSEN<br>Assistant United States Attorney<br>Attorneys for Defendant |
| Dated: September 3, 2009 | /s/<br>HENRY HU<br>Attorney for Plaintiff |

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. The September 10, 2009 Case Management Conference is hereby VACATED.

Dated: September 3, 2009

_____
MARIA ELENA JAMES
United States Magistrate Judge

JOINT CASE MANAGEMENT STATEMENT
C 09-2073 MEJ                                   5