UNITED STATES DISTRICT COURT

Northern District of California

HONG YING YE,

                Plaintiff,

  v.

ERIC HOLDER, ATTORNEY GENERAL OF THE UNITED STATES,

                Defendant.
_____/

No. C 09-2073 MEJ

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Dkt. #13]**

**ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [Dkt. #14]**

      Pending before the Court is Plaintiff Hong Ying Ye's Motion for Summary Judgment (Dkt. #13). The Government has filed an Opposition and Cross-Motion for Summary Judgment (Dkt. #14). On December 10, 2009, the Court held a hearing in this matter. During the hearing, the Court granted both parties leave to file supplemental briefs to address new arguments presented during the hearing. On December 16, 2009, Plaintiff filed her Supplemental Brief (Dkt. #23), to which the Government filed its Supplemental Response on December 24, 2009 (Dkt. #24). The Court has thoroughly reviewed the administrative record in this case and has carefully considered the parties' briefs, supporting materials, and oral argument. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion and **GRANTS** the government's Cross-Motion.

## I. BACKGROUND

      Plaintiff is a native and citizen of China. (Dkt. #20 Administrative Record (Corrected) ("A.R.") 72.) On November 22, 2000, Plaintiff married a United States citizen, Shell Mee Ng. (A.R. 72, 74.) Thereafter, on March 28, 2002, United States Citizenship and Immigration Services ("USCIS") admitted Plaintiff into the United States as a conditional permanent resident as the wife of a United States citizen. (A.R. 1.)

      On February 27, 2004, pursuant to 8 C.F.R. § 216.4, Plaintiff and her husband jointly filed an

I-751 Petition to Remove the Conditions on Residence.[1] (A.R. 71-98.) The address listed on the I-751 Petition was 2427 Lawton Street, San Francisco, California 94122. (A.R. 73.)

On July 9, 2004, Plaintiff's husband died. (A.R. 68.) On September 16, 2005, Plaintiff submitted a copy of her husband's death certificate to USCIS.[2] (A.R. 66.) The following month, on October 6, 2005, Plaintiff's attorney, Ms. Ma, sent a letter to USCIS indicating that he was withdrawing as attorney of record for Plaintiff and her husband with respect to their joint I-751 Petition to Remove the Conditional Status. (A.R. 63.)

Subsequently, on October 6, 2006, USCIS mailed a letter to Plaintiff at 2427 Lawton Street, San Francisco, California, notifying her of an October 23, 2006 interview date on the I-751 Petition. (A.R. 62.) Four days later, on October 10, 2006, USCIS mailed a duplicate notice to Plaintiff at 1541 Irving Street, San Francisco, California, which was the address Plaintiff listed in her letter to USCIS advising it that her husband had died.[3] (A.R. 61.) Plaintiff did not appear for the October 23, 2006 interview on the I-751 Petition. (A.R. 54.)

Thereafter, on December 12, 2007, Plaintiff filed a Form AR-11, Alien's Change of Address Card with USCIS, indicating that her new address was 825 Santiago Street, San Francisco, California, 94116.[4] (A.R. 55.)

---

[1] The cover letter to the I-751 Petition from Plaintiff's attorney at the time, Siu L. Ma, is dated February 20, 2004. (A.R. 71.)

[2] Although Plaintiff's letter to USCIS is dated September 15, 2003, this date precedes the date of her husband's death. (A.R. 66.) According to the stamp on the letter, the Department of Homeland Security received it on September 16, 2005. (*Id*.)

[3] This address was also listed as the address for Plaintiff's attorney, Ms. Ma, on the Notice of Entry of Appearance as Attorney or Representative, which Mr. Ng and Ms. Ma submitted to USCIS on January 5, 2001 (A.R. 98) and that Mr. Ng, Plaintiff and Ms. Ma submitted on February 11, 2004 (A.R. 69, 70.)

[4] The Record indicates that on December 18, 2007, Plaintiff signed a Form G-28, Notice of Entry of Appearance as Attorney or Representative, consenting to Gary Y. Chen appearing as her counsel. (A.R. 33.) On January 2, 2008, Mr. Chen submitted the Form G-28 entering his appearance as Plaintiff's attorney as part of her N-400 Application and supporting documents. (A.R. 32.)

On January 15, 2008, Plaintiff filed a Form N-400, Application for Naturalization, pursuant to Section 316(a) of the Immigration and Nationality Act[5] with USCIS. (A.R. 40-49.) Part 4 of the Form N-400 Application required Plaintiff to list her address, which Plaintiff listed as 825 Santiago Street, San Francisco, California 94116. (A.R. 41.) In Part 6 of the Form N-400 Application, Plaintiff was required to list the addresses of places where she had lived during the previous five years. (A.R. 42.) In response, Plaintiff listed the following: (1) 2427 Lawton Street, San Francisco, California, from March 28, 2002 through 2004; (2) 1307 38th Avenue, San Francisco, California, from March 2002 through 2004; (3) 2279 20th Avenue, San Francisco, California, from 2004 through November 2006; and (4) 825 Santiago Street, San Francisco, California, from November 2006 through the date of her Form N-400 Application. (A.R. 42.)

On March 24, 2008, USCIS sent Plaintiff a Form I-797C, Notice of Action, notifying Plaintiff that it had set an interview on her Form N-400 Application for Naturalization for May 29, 2008, at which she was required to appear. (A.R. 31.) USCIS interviewed Plaintiff for her Application for Naturalization on May 29, 2008. (A.R. 49.) Following the interview, on June 6, 2008, USCIS sent Plaintiff a letter notifying her that because she and her husband had failed to appear for the interview in connection with the Form I-751 joint Petition to Remove the Conditional Status on October 23, 2006, which was required under § 216(c)(1)(B) of the Immigration Act,[6] Plaintiff's status as a conditional permanent resident was automatically terminated in accordance with that section. (A.R. 54.) The following month, on August 25, 2008, USCIS issued its decision on Plaintiff's N-400 Application for Naturalization. (A.R. 29-30.) In its Decision, USCIS stated, in relevant part:

> Section 316(a) of the [I]mmigration and Nationality Act states, ". . . [no] person, except as otherwise provided . . ., shall be naturalized, unless such applicant . . ., immediately preceding the date of filing his application . . . has resided continuously after being lawfully admitted for permanent residence, within the United States for at least five years . . . ."

---

[5] 8 U.S.C. § 1427(a); 8 C.F.R. 316.2(a).

[6] 8 U.S.C. § 1186(c)(2)(A)(ii); 8 C.F.R. 216.4(b)(3).

3

> The record shows that you were granted conditional permanent resident status on March 28, 2002 as the wife of a United States citizen. On February 27, 2004, you and your husband jointly filed an I-751 Petition to Remove the Conditions on Residence. Record indicated that you[r] husband passed away on July 9, 2004. You filed a joint petition for the removal of condition on residence.
>
> On June 6, 2008, your conditional status was terminated for failure to appear for an interview concerning your petition, and your legal permanent resident status was terminated on the same date. Since you are no longer a lawful permanent resident, you are not eligible for the benefits under Section 316(a) of the Act. Therefore, your application for naturalization must be and hereby is denied.

(A.R. 30.)

Thereafter, on July 1, 2008, Plaintiff filed a Form I-290B, Motion to Reopen and Reconsider the decision on her I-751 Petition. (A.R. 16-28.) In her Motion, Plaintiff asserted that her failure to appear for the interview on the I-751 Petition was "beyond her knowledge and control as well as due to USCIS failure to advise [Plaintiff] of such an interview during her subsequent personal visits to the USCIS San Francisco office." (A.R. 19.)

On September 18, 2008, Plaintiff filed a Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings, requesting a hearing on USCIS's August 25, 2008 Decision denying her N-400 Application for Naturalization. (A.R. 10.) Plaintiff argued that because USCIS did not formally terminate her conditional permanent resident status until June 6, 2008, at the time she filed her N-400 Application for Naturalization on January 15, 2008, she was lawfully admitted for permanent residence. (A.R. 8.) Plaintiff further asserted that her failure to appear for her I-751 interview was "innocent and beyond her knowledge and control." (A.R. 8.) Plaintiff contended that although she had personally appeared many times at the USCIS office to inquire about her pending I-751 Petition and to renew her permanent residency, no one had mentioned that there had been an interview notice regarding the I-751 Petition. (A.R. 8.) Plaintiff also indicated that she "believed [the interview notice] was somehow disposed of by [her] then-dying husband without [her] knowledge." (A.R. 8.)

USCIS held a hearing on Plaintiff's N-400 Application on October 22, 2008. (A.R. 6.) On January 15, 2009, USCIS issued its N-336 Hearing Decision, wherein it affirmed the prior decision

denying Plaintiff's Application for Naturalization. (A.R. 1-4.) In its decision, USCIS upheld the denial of her Application on the grounds that: (1) Plaintiff had not established that she had resided in the United States as a lawful permanent resident for at least five years prior to filing for naturalization because her conditional resident status was terminated on June 6, 2008; (2) when her husband passed away on July 9, 2004, Plaintiff was no longer eligible for any benefit on the joint Petition to Remove Conditions on Residence; (3) Plaintiff failed to demonstrate good moral character because she failed to disclose on her N-400 Application and during her naturalization interview that she had resided and worked in Kentucky, and thereby gave false testimony in order to obtain an immigration benefit. (A.R. 1-3.)

On October 15, 2009, USCIS denied Plaintiff's Form I-290B Motion to Reopen and Reconsider the denial of her Petition to Remove the Conditions on Residence. (Dkt. #14-2, Declaration of Edward Olsen, Ex. A.)

In the interim, on May 12, 2009, Plaintiff initiated this action pursuant to 8 U.S.C. § 1421. Plaintiff now moves for summary judgment. In her Motion, Plaintiff contends that she met the statutory requirements for her N-400 Application. Further, Plaintiff contends that USCIS erroneously terminated her permanent residency status because her failure to appear for an interview regarding her I-751 Petition was innocent and beyond her knowledge and control.

## II.  DISCUSSION

**A.  Legal Standards**

1.  Jurisdiction

Plaintiff seeks a review of USCIS's denial of her N-400 Application for Naturalization. Pursuant to 8 U.S.C. § 1421(c), entitled "Judicial Review":

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

### 2. Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if, under the applicable substantive law, resolution of the factual dispute might affect the outcome of the case. *Id*. at 248. A dispute over a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 249. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in its favor. *Id*. However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (internal citations omitted).

The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the non-moving party fails to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. The non-movant's bare assertions, standing alone, are insufficient to create a genuine dispute as to a material fact and defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248-49. Rather, the non-moving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In ruling on a motion for summary judgment, any inferences to be drawn from the underlying facts must be viewed in the light most favorable to

the non-moving party. *Matsushita*, 475 U.S. at 587.

**B.     Plaintiff's Appeal from Denial of Her Naturalization Application**

      1.     <u>Overview of Plaintiff's Arguments</u>

In her Motion, Plaintiff argues that USCIS erroneously denied her N-400 Application for Naturalization because she satisfied the requirements for naturalization under § 316(a) of the Act at the time she filed her Application on January 15, 2008. (Mot. at 2.) Plaintiff further argues in her Supplemental Brief that USCIS erroneously found that she lacked good moral character based on her responses in her Application for Naturalization and interview.

In order to be naturalized, Plaintiff bears the burden of establishing by a preponderance of the evidence each of the requirements enumerated in the relevant section of the Immigration and Nationality Act. *See* 8 C.F.R. § 316.2(b). Pursuant to 8 U.S.C. 1427(a):

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

Concurrently, the implementing regulations for the code section, 8 C.F.R. § 316.2(a), provides:

> (a) General. Except as otherwise provided in this chapter, to be eligible for naturalization, an alien must establish that he or she:
>
>   (1) Is at least 18 years of age;
>
>   (2) Has been lawfully admitted as a permanent resident of the United States;
>
>   (3) Has resided continuously within the United States, as defined under § 316.5, for a period of at least five years after having been lawfully admitted for permanent residence;
>
>   (4) Has been physically present in the United States for at least 30 months of the five years preceding the date of filing the application;

>     (5) Immediately preceding the filing of an application, or immediately preceding the examination on the application if the application was filed early pursuant to section 334(a) of the Act and the three month period falls within the required period of residence under section 316(a) or 319(a) of the Act, has resided, as defined under § 316.5, for at least three months in a State or Service district having jurisdiction over the applicant's actual place of residence, and in which the alien seeks to file the application;
>
>     (6) Has resided continuously within the United States from the date of application for naturalization up to the time of admission to citizenship;
>
>     (7) For all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States; and
>
>     (8) Is not a person described in Section 314 of the Act relating to deserters of the United States Armed Forces or those persons who departed from the United States to evade military service in the United States Armed Forces.

In this case, the two requirements that are at issue are: (1) whether Plaintiff satisfied the lawful permanent resident requirement; and (2) whether Plaintiff was of good moral character. Because the Court finds the first issue dispositive, it turns to it first.

>     2.     <u>Lawful Permanent Resident Requirement</u>

Plaintiff argues that when she filed her N-400 Application on January 15, 2008, she had continuously resided within the United States since she was granted permanent resident status on March 28, 2002. She further argues that she maintained her permanent resident status until USCIS erroneously terminated it on June 6, 2008. Thus, Plaintiff asserts that she met the residency requirements for naturalization. In its Opposition, the Government contends that USCIS properly denied Plaintiff's Application for Naturalization because Plaintiff "was never a lawful permanent resident as required for naturalization because her conditions were not removed to render her admission lawful in accordance with all applicable provisions of the [Immigration and Naturalization Act]." (Opp. at 7.) The Court agrees with the Government.

Under § 1427(a), immediately preceding the date of filing her Application, Plaintiff must

1  have been lawfully admitted for permanent residence in the United States.  Plaintiff contends that
2  because USCIS did not notify her that it was terminating her conditional residence status until June
3  6, 2008 - nearly five months *after* she filed her Application - she satisfied the lawful permanent
4  resident requirement at the time she filed her Application because she was a conditional permanent
5  resident.  She contends that pursuant 8 C.F.R. § 216.1 and 8 U.S.C. § 1186(a), conditional
6  permanent residents are entitled to the same rights and privileges as lawful permanent residents,
7  including the right to apply for naturalization.  (Suppl. Br. at 3.)  Thus, Plaintiff advances that her
8  status as a conditional permanent resident was tantamount to lawful permanent resident status.

9        In support, Plaintiff cites *Abghari v. Gonzales*, No. CV 05-1210 FMC, 2006 WL 5838985, at
10 *5-6 (C.D. Cal. Feb. 14, 2006), for the proposition that a conditional permanent resident's
11 naturalization application may be approved notwithstanding the fact that the applicant's conditional
12 status had not been removed.  (Suppl. Br. at 4.)  The Court has reviewed this decision and finds its
13 distinguishable from the instant case.  Specifically, in *Abghari* the government had failed to
14 adjudicate the plaintiffs' naturalization applications because their petitions to remove conditional
15 status were still pending before the government and, as a result, the conditions on their permanent
16 resident status had not been removed.  *Id*. at *1.  Here, in contrast, USCIS denied Plaintiff's
17 naturalization application because Plaintiff's conditional permanent resident status had been
18 *terminated*.  Plaintiff is therefore in a different procedural posture than the plaintiffs in *Abghari*.[7]
19 Moreover, while the district court in *Abghari* held that the plaintiffs' in that case were entitled to
20 both apply for naturalization and to receive a ruling on their applications, the district court did not
21 hold that USCIS was required to grant the plaintiffs' applications despite the pending petitions to
22 remove conditions on permanent residence.  Rather, it only held that the plaintiffs had a right to have
23 their applications adjudicated within 120 days.  *Id*. at *6.  For these reasons, the district court's

---

26     [7]In other words, had Plaintiff attended the interview on her I-751 Petition and met all other
requirements for removal of the condition on her residence, but USCIS still failed to issue its ruling
27 on the I-751 Petition, and on that basis refused to adjudicate her naturalization application, then the
reasoning in *Abghari* may be applicable.
28

9

reasoning in *Abghari* is inapplicable in this scenario.[8]

However, even assuming that Plaintiff's status as a conditional permanent resident was sufficient to qualify for naturalization under § 316(a) of the INA, as the Government points out, USCIS formally terminated her conditional permanent resident status on June 6, 2008. (A.R. 53-54.) Plaintiff has not provided any authority holding that as long as an applicant satisfies the lawful permanent resident criteria at the time of filing an application, any subsequent change in such status is irrelevant for purposes of adjudicating the application for naturalization. Notably, 8 U.S.C. § 1101(a)(20) defines "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed*." (Emphasis added.) Under this definition, at the time USCIS terminated Plaintiff's conditional permanent resident, Plaintiff no longer qualified as a person lawfully admitted for permanent residence. Because she no longer met that definition, she could not meet this requirement for naturalization under § 316(a) of the INA, making denial of her Application appropriate.

In sum, the Court finds that because Plaintiff's conditional permanent resident status was terminated prior to the adjudication of her Application for Naturalization, USCIS properly denied Plaintiff's Application.

### 3. Good Moral Character Requirement

Next, Plaintiff's contends that the USCIS incorrectly denied her Application on the basis that she lacked good moral character because she allegedly provided false testimony under oath during her naturalization interview. Because the Court finds that Plaintiff has not satisfied her burden of establishing that she was lawfully admitted for permanent residence, which is fatal to Plaintiff's Application for Naturalization, the Court **DENIES AS MOOT** Plaintiff's challenge as to USCIS's determination of Plaintiff's moral character.

---

[8]Further, as the Government notes, in a subsequent decision, the same district court indicated that USCIS is not required to approve a naturalization application before the conditions have been removed from the applicant's permanent residence status. *See Abghari v. Gonzales*, 596 F. Supp. 2d 336, 1350-51 (C.D. Cal. 2009).

**C.     Denial of I-751 Petition and Termination of Plaintiff's Permanent Resident Status**

Plaintiff next argues that USCIS's termination of her permanent resident status based on her failure to appear for an interview on her I-751 Petition was erroneous. According to Plaintiff, her failure to appear was innocent and beyond her knowledge and control. In her Affidavit she states that on several occasions she visited the USCIS San Francisco Office to inquire about her pending I-751 Petition, as well as to inquire about renewing her permanent resident status, but none of the USCIS officials ever mentioned that there had been an interview notice regarding the pending I-751 Petition. (Plaintiff's Aff. at ¶23.) Plaintiff states that it was not until she received USCIS's June 6, 2008 notice of Termination of Conditional Residence Status that she learned that the USCIS officer had sent an interview notice. Plaintiff also states that she believes that her husband may have disposed of the interview notice without her knowledge. (Pl. Aff. ¶23.) She asserts that had she knew about the interview, she would have appeared.

However, as the Government correctly points out, the proper forum for Plaintiff to appeal the denial of her Petition to Remove the Conditions on Residence is before the Immigration Court during removal proceedings. (*See* Dkt. #14-2, October 30, 2009 Decl. of Edward Olsen, Ex. A at 2.) The Court therefore **DENIES** Plaintiff's Motion as to this issue.

## III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Summary Judgment. For the same reasons, the Court **GRANTS** Defendant's Cross-Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: July 12, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge